### BATES v. ALVIS et al.

No. 12358.

Court of Civil Appeals of Texas. Fort Worth. Oct. 4, 1930.

Rehearing Denied Nov. 15, 1930.

Turner, Seaberry & Springer, of Eastland, for appellant.

F. O. McKinsey and J. L. McCall, both of Weatherford, for appellees.

CONNER, C. J.

This case is before us on appeal from the county court of Parker county on the trial court's findings of fact and conclusions of law, no statement of the evidence· appearing in the record. From the trial court's findings it appears, in substance, that appellant Bates called appellee Alvis over the telephone at Woodson, Throckmorton county, and offered for sale 207 bales of cotton, located at Woodson, and was told by Alvis that, if he would send him samples, he would submit a bid. Bates sent to Alvis, at Weatherford, Tex., what purported to be samples of said 207 bales of cotton, whereupon Alvis offered 19.1 cents per pound for the entire lot, which bid Bates accepted, it being understood that said cotton was to be shipped to Weatherford and paid for according to· compress weights there.

Bates shipped said cotton from Woodson by railroad to Weatherford, Parker county, taking a bill of lading from the railroad company which stipulated that the cotton was to be delivered at Weatherford to the order of James Bates, the shipper. Bates also drew a draft on the plaintiff, accompanied by· the bill of lading, calling for 109,627 pounds of cotton at 19.1 cents per pound. The draft with the bill of lading and invoice attached was ·sent to the First National Bank of Weatherford on the 14th day of April, 1928. Alvis paid said draft and took up the bill of lading and invoice, and the proceeds of said draft were by the bank remitted to the appellant. Bates, in preparing the invoice to said cotton, arbitrarily added, or caused to be added, five pounds to the actual weight of substantially every bale of the said 207 bales of cotton, as shown by the weights of said cotton at the cotton yard at W.oodson, and, in drawing said draft on plaintiff for the purchase price of said cotton, he drew thé same to cover the false or padded weights, Alvis paying the draft without any knowledge that the weights of the cotton had been thus falsified, or that any of said cotton was in a damaged condition. The shortage in said weights when weighed at Weatherford amounted to 1,076 pounds less than Alvis had paid for in taking up the draft. It further appeared that a large number of the bales were damaged and not of the grade of the samples sent, of which fact Bates was notified, but to which notification he made no response.

It further appears that appellee had purchased the cotton for reshipment and sale, and that it became necessary before shipment to clear the cotton of its damaged condition. In doing this the general custom at the time and place was to have the cotton "conditioned" before being compressed and reshipped. This is done by loosening or removing the ties and bagging sufficiently to enable a separation of the damaged from the good cotton. It was found upon examination that 155 bales of the cotton were so damaged as to require "conditioning," and that this was done at a cost to plaintiff of $70.65.

It further appeared that 3 of the bales weighed less than 400, because of which, under a rule and custom of the Texas Cotton Buyers' Association, a penalty of $2 ·a bale was assessed, and which plaintiff was required to pay. The court also found that the damaged cotton was actually worth 9 cents per pound, with which the plaintiff was charged.

Upon this state of facts the court rendered a judgment in favor of plaintiff Alvis for 1,076 pounds of cotton at 19.1 cents per pound, plus $2 a bale penalty for 3 bales, plus $79.28 (the difference between the actual value of the damaged cotton and the price paid therefor), together with interest thereon from April 14, 1928, to September 16, 1929 (the date of the judgment), aggregating approximately $316.90. From the judgment so rendered, defendant Bates has duly prosecuted this appeal.

Regardless of appellee's objections to appellant's assignments of error, an examination of the record discloses nothing thereby

presented thought to be important or prejudicial. Under the court's findings, title to the cotton vested in appellee upon his payment of appellant's draft, and the venue was properly laid in the county of the suit. Dickinson v. Carter (Tex. Civ. App.) 246 S. W. 739; Berlowitz v. Standley, 117 Tex. 362, 5 S.W.(2d) 963; Industrial Acceptance Corporation v. Corey (Tex. Com. App.) 29 S.W.(2d) 978.

The remaining assignments complain of the action of the court in admitting and in refusing to admit testimony. In the absence of an affirmative showing to the contrary, and in the absence of a statement of facts, we must assume that the court, regardless of objectionable testimony, heard and considered competent evidence full sufficient to sustain all of his material findings of fact. See Stonebraker v. Friar, 70 Tex. 202, 7 S. W. 799; Missouri Pac. Ry. Co. v. Edwards, 75 Tex. 334, 12 S. W. 853; Renfro v. Harris (Tex. Civ. App.) 72 S. W. 237; Smith v. First National Bank of Brownfield (Tex. Civ. App.) 1 S.W. (2d) 683; Thomas v. Basden & Carrell (Tex. Civ. App.) 22 S.W.(2d) 959; White v. Taylor (Tex. Civ. App.) 11 S.W.(2d) 374; Arrington v. Mercantile Protective Bureau (Tex. Civ. App.) 15 S.W.(2d) 663.

Appellee, however, presents a cross-assignment of error complaining that the court erred in failing to adjudge in his favor the cost incurred by him in having his cotton reconditioned, in addition to the items for which the court rendered judgment, and we think this assignment should be sustained. In the court's computation, he charged the plaintiff 9 cents per pound for the 785 pounds of damaged cotton, which was accepted by the compress company in payment of the cost of reconditioning the cotton. The court found, in effect, that the cost of reconditioning the cotton was equal to, if not in excess of, the value of the damaged cotton. This cost was, under the court's finding, evidently necessarily incurred in order for appellee to ship his cotton as contemplated at the time of the sale. As said by this court in Andrus v. Hornsby, 238 S. W. 314: "For a breach of contract, the general rule is to give the injured party compensation; that is, put him as nearly as possible in as good a position as he would have been in if the contract had been kept." See, also, Star Mill & Elevator Co. v. Sale (Tex. Civ. App.) 145 S. W. 1037; Panhandle & S. F. R. Co. v. Shell (Tex. Civ. App.) 265 S. W. 758.

It appearing that the cotton in question was sold by appellant by sample; that the cotton delivered and paid for was inferior in part to the samples sent; that appellant arbitrarily added five pounds to the actual weight of the cotton; that it was necessary and in accord with the universal custom that the damaged cotton should be separated from that which

was good, in order for the buyer to be able to ship it; and that the actual cost incurred by the appellee in having the cotton reconditioned was $70.65, we think the judgment below should be reformed so as to award to the appellee said sum of $70.65, in addition to the amount rendered in his favor below, together with interest thereon from April 4, 1928, at the legal rate, and, as so reformed, the judgment is affirmed.