Opinion filed January 31, 2013



In The

# Eleventh Court of Appeals

_____

## No. 11-11-00011-CV

_____

## STEVE STEPHENS, Appellant

## V.

## BECKHAM & JONES CO., Appellee

On Appeal from the County Court at Law

Walker County, Texas

Trial Court Cause No. 9309CV

## MEMORANDUM OPINION

Appellant, Steve Stephens, appeals the trial court's bench trial judgment that appellant pay $13,482 in damages to appellee, Beckham & Jones Co. (Beckham), for appellant's breach of a purchase and installation contract for a custom heating and air conditioning system that Beckham installed at the home of Stephens's elderly father-in-law. Appellant also appeals the trial court's judgment and award of $5,937.29 in reasonable and necessary attorney's fees and costs to Beckham. We affirm.

## I. Factual and Procedural History

Stephens contracted with Beckham for the purchase and installation of a custom heating and air conditioning system for the home of Stephens's elderly father-in-law. Stephens signed the contract on May 16, 2007, with a ten-year warranty beginning on June 16, 2007. Stephens also ordered an air purifier and extra zone for the system for $2,045 in addition to the purchase and installation price of $11,301. Beckham installed the equipment in May 2007 and purchased the ten-year warranty from Carrier, which was part of the purchase and installation contract.

Stephens's father-in-law used the system that Beckham installed, but Stephens never paid Beckham the $13,346 due under the contract. Beckham had contact with Stephens when Beckham made several service calls to Stephens's residence to repair a separate HVAC system that Beckham had installed in 2005. During those service calls to Stephens's residence, Beckham was never informed of any problems with the system that it had installed at the father-in-law's residence.

Beckham requested payment from Stephens and demanded payment in November 2007. Stephens alleged that the system at his father-in-law's house was not operating properly, but never provided any specific complaint. Stephens alleged that he had paid $2,333.85 to get the system working at his father-in-law's residence, but the evidence showed that those repairs were actually invoices for another unit. Stephens refused to pay the amount due under the contract.

Beckham filed suit on April 3, 2008. Later, Beckham filed a summary judgment motion, and the trial court granted it. Subsequently, Stephens filed a motion for new trial, and the court granted it. The trial court called the case and completed a bench trial. The trial court entered judgment in favor of Beckham and entered findings of fact and conclusions of law.

The trial court made the following findings of fact:

1. Defendant ordered from Plaintiff goods and services consisting of air conditioning and heating equipment.

2. Plaintiff delivered and Defendant received the agreed upon goods and services.

3. The prices charged were just and true because they were according to the terms of the agreement between the parties or were the usual, customary and reasonable prices.

4. Defendant agreed to pay the sum of $13,482.00 for the goods and services.

2

5. Defendant made no payments to Plaintiff for the goods and services.

6. Plaintiff incurred reasonable and necessary attorney fees and costs as a result of Defendant's breach of the contract between the parties.

The trial court issued the following conclusions of law:

1. Plaintiff performed, tendered performance of, or was excused from performing its contractual obligations.

2. Defendant breached the contract.

3. Defendant's breach caused the injury.

4. Defendant is indebted to Plaintiff for the sum of $13,482.00 for labor and materials.

5. Plaintiff made demand for attorney's fees in compliance with 38.001, Tex. Civ. Prac. & Rem. Code.

6. Plaintiff is entitled to reasonable and necessary attorney's fees of $5,937.29, being $5,558.00 for services and $379.29 in costs incurred in performance of legal services related to the suit.

7. All conditions precedent to Plaintiff's right of recovery have occurred.

8. Plaintiff is entitled to interest on the judgment at the rate of five percent (5.0%) per annum from the date suit was filed until date of judgment and at the rate of five percent (5.0%) from date of judgment until paid.

## II. Issues

Appellant presents two issues for appeal. First, appellant complains the trial court erred in concluding as a matter of law that appellee was excused from performance because the trial court ignored appellant's allegations that the HVAC system did not work as intended and was not installed properly. Second, appellant complains that the trial court erred in awarding attorney's fees and costs of $5,937.29, which appellant claims were unreasonable or unnecessary.

## III. Standard of Review

This Court reviews a legal sufficiency argument utilizing both an inclusive and exclusive no-evidence standard as set forth in *City of Keller v. Wilson*, 168 S.W.3d 802 (Tex. 2005). Under either scope of review, appellate courts must view the evidence in the light favorable to

3

the verdict, crediting favorable evidence if reasonable jurors could and disregarding contrary evidence unless reasonable jurors could not. *Id.* at 807.

A trial court's findings of fact in a bench trial are reviewed for legal and factual sufficiency under the same standards that are used to review a jury's verdict on jury questions. *Paint Rock Operating, LLC v. Chisholm Exploration, Inc.*, 339 S.W.3d 771, 774 (Tex. App.—Eastland 2011, no pet.) (citing *Kennon v. McGraw*, 281 S.W.3d 648, 650 (Tex. App.—Eastland 2009, no pet.)). In reviewing a factual sufficiency challenge, we consider all of the evidence and uphold the finding unless the evidence is too weak to support it or the finding is so against the overwhelming weight of the evidence as to be manifestly unjust. *Id.* at 774 (citing *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986)).

The trial judge in a bench trial is the trier of fact and has the right to accept or reject all or any part of a witness's tendered testimony. As a trier of fact, the trial court may accept or reject the testimony of any witness. *Electro-Hydraulics Corp. of Am. v. Special Equip. Eng'rs, Inc.*, 411 S.W.2d 382, 387 (Tex. Civ. App.—Waco 1967, writ ref'd n.r.e.) (citing *Hood v. Texas Indem. Ins. Co.*, 209 S.W.2d 345 (Tex. 1948)). We review the trial court's conclusions of law de novo. *Smith v. Smith*, 22 S.W.3d 140, 143–44 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

## IV. Discussion and Analysis

Appellant complains that the trial court erred by making a conclusion of law that appellee was excused from performing the contract. Actually, the trial court's conclusion of law was in the alternative: namely that appellee either (1) performed the contract, (2) tendered performance, or (3) was excused from performance.

Appellee was required to prove the following at trial: (1) valid agreement or contract between the parties with offer and acceptance, (2) performance by plaintiff, (3) breach of the agreement or contract by defendant, and (3) damages to plaintiff as a result. *Kay v. N. Tex. Rod & Custom*, 109 S.W.3d 924, 927 (Tex. App.—Dallas 2003, no pet.). Compensation is the necessary result for any breach of contract in order to put the non-breaching party in the position he or she would have been in, had the breaching party actually kept the contract. *Bates v. Alvis*, 33 S.W.2d 814, 816 (Tex. Civ. App.—Fort Worth 1930, writ dism'd w.o.j.). In this case, the trial court found that appellant agreed with appellee to the purchase and installation of an HVAC system with an air purifier for the cost of $13,482. Appellee installed the HVAC system,

4

purchased the ten-year warranty, and provided warranty service on the unit, but appellant did not pay for the goods and services as promised. Thus, the trial court found that there was a valid contract, that appellee had performed, but that appellant had breached the contract by failing to pay. Accordingly, the trial court awarded compensation to appellee for the damages resulting from appellant's breach of the contract.

Where the trial court as factfinder has found facts that support the plaintiff's recovery on a correct legal theory, the judgment is upheld even if the court made an erroneous conclusion of law as long as other conclusions of law are founded upon the court's factual findings. *Ware v. Harkins*, 228 S.W.2d 537 (Tex. Civ. App.—Waco 1950, writ ref'd n.r.e.). We should not reverse the judgment of a trial court where an incorrect conclusion of law may have been included as an alternative in the trial court's findings of fact and conclusions of law. *Pioneer Nat'l Bank of Arlington v. Bakutis*, 784 S.W.2d 440, 441 (Tex. App.—Fort Worth 1989, no writ); *Graham v. Pazos De La Torre*, 821 S.W.2d 162, 165 (Tex. App.—Corpus Christi 1991, writ denied). The trial court found that appellee had both tendered performance and performed by installing the HVAC system and securing the ten-year warranty for appellant, and appellant did not pay for those goods and services. Appellee was entitled to full payment for those goods and services and was awarded $13,482 for the goods and services provided. Appellant's first issue is overruled.

Appellant contends in his second issue that the court did not have sufficient evidence to find attorney's fees and costs of $5,973.29. The trial court admitted six invoices from appellee's counsel, Constance Decker, and a one-page summary of the fees and costs incurred. The trial court also heard testimony from Decker on the fees that she incurred and the costs that she charged. The court was free to believe this testimony and did so, finding that the attorney's fees of $5,558 and costs of $379.29 for a total of $5,937.29 were both reasonable and necessary in the prosecution of this matter. Appellant's second issue is overruled.

## V. Holding

We hold that the trial court did not err in finding that appellee had performed the contract and was entitled to an award of $13,482 because appellant had breached the contract by not paying for the goods and services provided. We also hold that the trial court did not err in awarding $5,937.29 in reasonable and necessary attorney's fees and costs.

5

We affirm the trial court's judgment.

MIKE WILLSON

JUSTICE

January 31, 2013

Panels consists of: Wright, C.J.,
McCall, J., and Willson, J.