Opinion filed April 14, 2011



In The

# Eleventh Court of Appeals

_____

## No. 11-09-00353-CV

_____

## PAINT ROCK OPERATING, LLC, Appellant

## V.

## CHISHOLM EXPLORATION, INC. AND CHISHOLM PRODUCTION, INC., Appellees

**On Appeal from the 32nd District Court**

**Nolan County, Texas**

**Trial Court Cause No. 18,954**

### O P I N I O N

This is an accounting dispute. Paint Rock Operating, LLC filed suit against Chisholm Exploration, Inc. and Chisholm Production, Inc. to collect costs it incurred as operator of four leases.[1] The trial court conducted a bench trial and awarded Paint Rock $3,927.40, but denied the majority of its requested relief. Paint Rock has appealed, contending that it is entitled to a larger recovery and to its attorney's fees. We affirm.

---

[1]The Chisholm entities will be referred to collectively as Chisholm.

## I. *Background Facts*

In 1998, Chisholm, as operator, and Buckingham Oil Interests, Inc., as non-operator, executed a Joint Operating Agreement (JOA) covering a tract of land commonly referred to by the parties as the Texaco Fee Lease.[2] Chisholm also operated the Brooks, Brooks Ranch, and Morrow Leases. There was, however, no JOA for these properties. Operations on all four leases were transferred from Chisholm to Paint Rock in December 2005. Paint Rock sent bills, or JIBs (Joint Interest Billings), to Chisholm. Paint Rock sent the December 2005 JIBs in June 2006. The January through May JIBs were sent in early July. The June JIB was sent in mid-July. Chisholm paid some, but not all, of Paint Rock's charges. Chisholm returned marked-up copies of the JIBs, showing the charges that it refused to pay, along with a check for the undisputed charges. Paint Rock filed suit to collect the unpaid balance of the JIBs as well as its attorney's fees.

## II. *Issues*

Paint Rock challenges the judgment with four issues. First, it challenges specific findings of fact. Second, it contends that the trial court erred by denying it any recovery on its quantum meruit claim. Finally, Paint Rock argues in Issues Three and Four that the trial court erred by denying it recovery of its attorney's fees.

## III. *Texaco Fee Lease*

In Issue One, Paint Rock challenges several of the trial court's findings of fact regarding the Texaco Fee Lease, primarily for sufficiency of the evidence. This was the only lease covered by a JOA, and Paint Rock's challenges are specific to this agreement.

*A. Standard of Review.*

A trial court's findings of fact in a bench trial are reviewed for legal and factual sufficiency under the same standards used to review a jury's verdict on jury questions. *Kennon v. McGraw*, 281 S.W.3d 648, 650 (Tex. App.—Eastland 2009, no pet.). In considering a legal sufficiency challenge, we review all the evidence in the light most favorable to the prevailing party and indulge every inference in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). In reviewing a factual sufficiency challenge, we consider all of the evidence and uphold the finding unless the evidence is too weak to support it or the finding is so against the overwhelming weight of the evidence as to be manifestly unjust. *Pool v. Ford Motor*

---

[2]The JOA is an A.A.P.L. Form 610-1982 Agreement.

*Co.*, 715 S.W.2d 629, 635 (Tex. 1986).  We review the trial court's conclusions of law de novo. *Smith v. Smith*, 22 S.W.3d 140, 143-44 (Tex. App.—Houston [14th Dist.] 2000, no pet.).

　　*B.  Did the Trial Court Properly Find that Paint Rock Breached the JOA?*

　　The trial court found that Paint Rock breached the JOA by failing to timely bill Chisholm for the months of December 2005 through May 2006.  Paint Rock alleges that this was error because Chisholm did not file a pleading alleging breach of contract.  There is no question that Paint Rock breached the JOA by mailing its JIBs late.  The JOA includes a standard COPAS accounting procedure exhibit.  Article I.2 provides:

> Operator shall bill Non-Operators on or before the last day of each month for their proportionate share of the Joint Account for the preceding month.  Such bills will be accompanied by statements which identify the authority for expenditure, lease or facility, and all charges and credits summarized by appropriate classifications of investment and expense except that items of Controllable Material and unusual charges and credits shall be separately identified and fully described in detail.

Darryl Buckingham, Paint Rock's owner, acknowledged that the JOA required him to submit monthly bills and that those bills are due by the end of the succeeding month.  Consequently, the bill for December 2005 should have been sent by January 31, 2006.  He did not know exactly when that bill was submitted but agreed that twelve of the fourteen bills he sent Chisholm were late.  Charles Schroeder, III, Chisholm's president and owner, testified that he received the December 2005 JIB in June 2006 and that the January through May JIBs were received in July.

　　It is equally undisputed that Chisholm did not plead breach of contract either as a counterclaim or affirmative defense.  Despite this, there is no question that the issue was tried. Buckingham was extensively cross-examined about the timeliness of his JIBs, Paint Rock offered the opinion of its expert that the JOA imposed no penalty for sending out late JIBs, and Schroeder testified about the date he received each JIB.  There was no objection to the propriety of this evidence.

　　To determine whether an issue was tried by consent, we examine the record for evidence of whether the parties actually tried the issue.  *Johnston v. McKinney Am., Inc.*, 9 S.W.3d 271, 281 (Tex. App.—Houston [14th Dist.] 1999, pet. denied).  Trial by consent is not a general rule of practice and should not be applied unless clearly warranted.  *Haas v. Ashford Hollow Cmty. Improvement Ass'n, Inc.*, 209 S.W.3d 875, 883-84 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  A party's unpleaded issue may be deemed tried by consent when evidence on the issue is

developed under circumstances indicating that both parties understood the issue was in the case, and the other party failed to make an appropriate complaint. *Johnson v. Structured Asset Servs., LLC*, 148 S.W.3d 711, 719 (Tex. App.—Dallas 2004, no pet.). Because this issue was tried and because there was no objection to the testimony, the issue was tried by consent and the trial court did not err by finding that Paint Rock breached the JOA. Issue 1(a) is overruled.

### C. Written Exceptions to the JIBs.

Paint Rock next complains of the trial court's finding that Chisholm properly excepted to the JIBs. The JOA requires a non-operator to except, in writing, to any challenged charge. Specifically, Article I.4 provides:

> Payment of any such bills shall not prejudice the right of any Non-Operator to protest or question the correctness thereof; provided, however, all bills and statements rendered to Non-Operators by Operator during any calendar year shall conclusively be presumed to be true and correct after twenty-four (24) months following the end of any such calendar year, unless within the said twenty-four (24) month period a Non-Operator takes written exception thereto and makes claim on Operator for adjustment.

When Schroeder received Paint Rock's invoices, he reviewed them and saw several charges he disagreed with. Schroeder's objections were to the increased overhead, the addition of a production supervisor, and repair work for which there was no prior AFE (Authorization for Expenditures).[3] He marked through or circled the disputed charges, marked down partially disputed charges, and returned the JIBs and a check for the balance. The marked-up JIBs were introduced into evidence. Schroeder did not provide any written explanation of his criticisms of the disputed amounts because he thought it was fairly obvious what his objections were.

When Chisholm operated the leases, it charged overhead at the rate of $400 per month per well. The JOA allows for an annual adjustment to the overhead rate. Apparently, the rate had not been changed recently. When Paint Rock took over operations, Buckingham calculated

---

[3]Article VII D.3 of the JOA provides:

Other Operations: Without the consent of all parties, Operator shall not undertake any single project reasonably estimated to require an expenditure in excess of ten thousand and no/100 Dollars ($10,000.00) except in connection with a well, the drilling, reworking, deepening, completing, recompleting, or plugging back of which has been previously authorized by or pursuant to this agreement; provided, however, that, in case of explosion, fire, flood or other sudden emergency, whether of the same or different nature, Operator may take such steps and incur such expenses as in its opinion are required to deal with the emergency to safeguard life and property but Operator, as promptly as possible, shall report the emergency to the other parties. If Operator prepares an authority for expenditure (AFE) for its own use, Operator shall furnish any Non-Operator so requesting an information copy thereof for any single project costing in excess of ten thousand and no/100 Dollars ($10,000.00) but less than the amount first set forth above in this paragraph.

4

what overhead would be if it had been adjusted annually, and he started charging this revised rate. Chisholm refused to pay the new rate but paid $400. Paint Rock also hired a production supervisor. Schroeder and Buckingham had discussed hiring a production supervisor while Chisholm was operator. Schroeder told Buckingham that he did not believe a supervisor was necessary, so Schroeder marked out the supervisor charges. Finally, Paint Rock undertook several repair operations. Buckingham acknowledged that the JOA required an AFE for expenditures in excess of $10,000. Even though Paint Rock billed for work that cost more than $10,000, no AFE was sent. Chisholm marked these repair charges out.

The purpose of the JOA's written exception provision is to provide the operator with notice. The JOA, however, does not define what constitutes a sufficient written exception. Paint Rock knew what charges Chisholm objected to, but Buckingham testified that he believed the JOA also required an explanation for Chisholm's objections. Schroeder disagreed because he believed his objections were obvious. The trial court did not err by finding that Chisholm properly excepted to the JIBs. If the trial court found Schroeder's testimony credible, it could have reasonably concluded that Paint Rock received sufficient notice because it knew what charges Chisholm objected to and why.[4] Issues 1(b) and 1(c) are overruled.

*D. The Unpaid Portion of Paint Rock's JIBs.*

Paint Rock next complains that the trial court erred by not awarding it the full amount of its JIBs. As noted above, the parties' dispute centers on Paint Rock's decision to increase overhead, to hire a production supervisor, and to engage in repair operations without submitting an AFE. The JOA's COPAS accounting procedures allow for an annual adjustment as of the first day of April each year by the percentage increase or decrease in the average weekly earnings of Crude Petroleum and Gas Production Workers for the last calendar year. Buckingham recalculated the overhead rate by determining what it would have been if it had been adjusted every April 1st. This was in error. Paint Rock was entitled to readjust the overhead rate as of April 1, 2006, but only from the rate currently in effect.

The trial court did not err by finding that Paint Rock violated the JOA by undertaking repairs in excess of $10,000 without first submitting an AFE. Paint Rock offered testimony that an AFE was not required, but the JOA clearly provides otherwise. Finally, the trial court could

---

[4]We do not hold that marking out charges on a JIB and returning it to the operator is sufficient, as a matter of law, to comply with COPAS Article I.4. Our holding is limited to a review of the sufficiency of the evidence to support the trial court's finding of fact in this case.

reasonably find Schroeder's testimony, that a production supervisor was unnecessary, credible. If so, Chisholm was not required to pay those charges.

The trial court did not err by finding that Paint Rock was not entitled to the full amount of its JIBs. Issue 1(d) is overruled.

IV. *Other Leases*

Paint Rock contends in its second issue that the trial court erred by denying it any relief for its quantum meruit claim. Schroeder testified that, when Chisholm operated the leases, he used the same methodology on all four leases, and his criticisms of Paint Rock's charges made no distinction between whether they were incurred on the Texaco Fee Lease or on one of the other leases. Because we have found that the trial court did not err by denying Paint Rock recovery on the disputed charges incurred on the Texaco Fee Lease, it follows that the trial court did not err by denying recovery for the same disputed charges on the other leases. Issue Two is overruled.

V. *Attorney's Fees*

Paint Rock complains in Issues Three and Four that the trial court erred by denying it any recovery for attorney's fees. When Paint Rock offered attorney's fee evidence, Chisholm objected, contending that Paint Rock's response to its request for disclosure failed to identify the amount or method of calculating attorney's fees. The trial court took Chisholm's objection under advisement and allowed counsel to testify. The trial court's findings of fact included a finding that Paint Rock failed to fully answer Chisholm's discovery by not disclosing the amount and method of calculating attorney's fees. Paint Rock argues that it was not required to disclose any information concerning its claim for attorney's fees because TEX. R. CIV. P. 194.2(d) requires disclosure of economic damages and attorney's fees are not economic damages. We need not address this claim because Chisholm acknowledges that an award of attorney's fees for a breach of contract or quantum meruit is discretionary. Because the trial court denied Paint Rock recovery for most of the unpaid items it claimed and because the trial court found that Paint Rock breached the JOA by not timely submitting JIBs, it did not abuse its discretion by denying Paint Rock's claim for attorney's fees. Issues Three and Four are overruled.

## VI. *Conclusion*

The judgment of the trial court is affirmed.


RICK STRANGE

JUSTICE


April 14, 2011

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.