Opinion filed May 10, 2012

 

                                                                       In The

 

Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00194-CV

                                                    __________

 

                        MARY
FRANCES HAFERKAMP, Appellant

 

                                                             V.

 

         LEONARD GRUNSTEIN
AND MURRAY FORMAN, Appellees



 

                                   On
Appeal from the 414th District Court

                                                        McLennan
County, Texas

                                                Trial
Court Cause No. 2009-4054-5

 



 

 M
E M O R A N D U M   O P I N I O N

            The
trial court granted Leonard Grunstein’s and Murray Forman’s special appearance
in Mary Frances Haferkamp’s lawsuit against them.   We affirm.

Background
Facts

            Appellant
is a former employee of Mariner Healthcare Management Company.  She filed suit
against Mariner Healthcare Management Company; SSC Waco Greenview Operating
Company, LP; SSC Pasadena Vista Operating Company, LP; SavaSeniorCare, LLC; and
SavaSeniorCare Administrative Services, LLC (collectively “Business Defendants”)
in the 414th District Court of McLennan County.  In her lawsuit, appellant
pleaded negligence claims arising out of an alleged workplace injury in April
2005.  After the Business Defendants filed a motion for summary judgment, appellant
filed a third amended petition naming new out-of-state individual defendants,
Leonard Grunstein and Murray Forman, and added claims for conspiracy and alter
ego theory.

            Appellees
have argued that they were not properly served with notice of appellant’s third
amended petition.  Indeed, the returns on the citations do not reflect that
service was had on either Grunstein or Forman.  Nevertheless, appellant
obtained a partial default judgment against them.  According to appellees, no
notice of the motion for default judgment or of the hearing on the motion was
given to any of the parties. After the trial court sent a letter to the parties
announcing its intention to grant summary judgment to the Business Defendants
on appellant’s negligence claims, appellant then filed a motion to sever the claims
against appellees from those against the Business Defendants.  According to
appellees, no notice of this motion or of the hearing held on the motion was
given to any of the parties. 

            The
district clerk notified the Business Defendants that a severance order had been
entered.  They had not been made aware of that, and they requested a copy of
the trial court’s docket sheet in order to determine whether appellant’s
counsel had taken other actions without notice.  The Business Defendants filed a
motion for sanctions against appellant for failing to provide notice of the
default judgment and the severance.  Appellees were not parties to the motion
for sanctions.  The motion was filed on behalf of the  Business  Defendants
only and was filed in the original cause, not the one into which the trial
court severed the claims against appellees. 

            On
January 29, 2010, appellees filed their special appearances in the cause into
which the trial court had severed the claims against them.  On April 22, 2010,
the trial court granted appellees’ special appearances and also granted summary
judgment for the Business Defendants in the original cause on appellant’s
underlying negligence claims and dismissed that lawsuit.  Appellant timely
filed a request for findings of fact and conclusions of law, and the trial
court entered them.

            In
this appeal, appellant maintains that the trial court erred when it granted
appellees’ special appearances.  Appellant also argues that the trial court’s
findings of fact were not supported by factually sufficient evidence and that
it erred when it denied appellant adequate time for discovery.  For ease of
reference, we have organized appellant’s issues on appeal as follows:

            1.  Seeking
affirmative relief aside from a special appearance constitutes a general
appearance;

 

            2.  The
default judgment admitted all facts except damages;

 

            3.  Appellees’
no alter ego defense fails;

 

            4.  Jurisdiction
is proper because of appellees’ contact with Texas;

 

            5.  Findings
of fact and conclusions of law are not supported and are improper; and

 

            6. 
Trial court denied appellant adequate time for discovery. 

The
Trial Court’s Findings of Facts & Conclusions of Law

             At
appellant’s request, the trial court entered findings of fact and conclusions
of law.  In Issue No. 5, appellant concludes, without analysis, that Finding Nos.
2, 3, 4, and 6 are “so against the great weight and preponderance of the
evidence as to be manifestly wrong.”[1] 
We interpret appellant’s argument to be that certain of the trial court’s
findings of fact are not supported by factually sufficient evidence.  A trial
court’s findings of fact are reviewed for factual sufficiency under the same
standards used to review a jury’s verdict on jury questions.  Kennon v.
McGraw, 281 S.W.3d 648, 650 (Tex. App.—Eastland 2009, no pet.).  In
reviewing a factual sufficiency challenge, we consider all of the evidence and
uphold the finding unless the evidence is too weak to support it or the finding
is so against the overwhelming weight of the evidence as to be manifestly
unjust.  Paint Rock Operating, LLC v. Chisholm Exploration, Inc., 339
S.W.3d 771, 774 (Tex. App.—Eastland 2011, no pet.) (citing Pool v. Ford
Motor Co., 715 S.W.2d 629, 635 (Tex. 1986)).

            Our review of the record reveals that each
and every finding of fact by the trial court is supported by sufficient
evidence and, furthermore, was not controverted by appellant.  Specifically, Finding
Nos. 2, 3, and 4 are each supported by the affidavits of Grunstein and Forman. 
Each of these findings is a verbatim restatement of the assertions set out in
appellees’ affidavits.  Appellant’s third amended petition does not contain any
facts that contest the assertions in appellees’ affidavits.  Appellant did not
present any evidence to negate the claims made in the affidavits, and neither
did she assert that they were sham affidavits.  The trial court’s findings of
fact are supported by sufficient evidence. 

            Appellant also attacks Finding No. 6 for
factual insufficiency.  Finding No. 6 states: “To the extent that this Court’s
inquiry into its jurisdiction over [appellees] is anything other than a pure
question of law, the Court specifically finds that it lacks specific, general,
and alter ego jurisdiction over [appellees].”  This is a conclusion of law.  An
appellant may not challenge a trial court’s conclusions of law for factual
insufficiency; however, the reviewing court may review the trial court’s legal
conclusions drawn from the facts to determine their correctness.  BMC
Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002) (citing Templeton v. Dreiss, 961 S.W.2d 645,
656 n.8 (Tex. App.—San Antonio 1998, pet. denied), and Dallas Cnty. v. Sweitzer,
881 S.W.2d 757, 763 (Tex. App.—Dallas 1994, writ denied)).  Appellant’s Issue No. 5
is overruled as it pertains to the trial court’s findings of fact.

            Appellant
also attacks the trial court’s Conclusion of Law Nos. 5 and 6. These
conclusions concern the central issue of this appeal: whether the trial court
erred in granting the special appearances.  We are not bound by the trial court’s
conclusions of law and will review them independently to determine their legal
correctness by analysis below.  State v. Heal, 917 S.W.2d 6, 9 (Tex. 1996);
Landerman v. State Bar of Tex., 247 S.W.3d 426, 431 (Tex. App.—Dallas 2008,
pet. denied).

The
Trial Court’s Order Granting Appellees’ Special Appearances

            Appellant
makes several arguments to support her position that the trial court erred when
it granted the special appearances.  Appellant’s Issue Nos. 1, 2, 3, and 4 each
attack the trial court’s decision to grant the special appearances.  In Issue No.
1, she argues that appellees sought affirmative relief and thereby consented to
the court’s exercise of personal jurisdiction over them.  In Issue Nos. 2 and 3,
she argues that the default judgment against appellees admitted all facts
within her third amended petition, including allegations of alter ego
jurisdiction.  In Issue No. 3, appellant asserts that appellees made voluntary
contacts with the Texas Secretary of State and the Texas Department of Aging
and Disability Services and that these contacts support a finding of both
specific and general personal jurisdiction of the Texas courts. 

In addition to subject-matter
jurisdiction, the court must have personal jurisdiction over a party before it
can issue a binding judgment.  CSR Ltd. v. Link, 925 S.W.2d 591, 594
(Tex. 1996).  “[P]ersonal jurisdiction concerns the court’s power to bind a
particular person or party.”  Id.  The plaintiff bears the initial
burden of pleading sufficient allegations to bring a nonresident defendant
within the provisions of the Texas long-arm statute.  Tex. Civ. Prac. & Rem. Code Ann.
§§ 17.041–.045 (West 2008); BMC Software, 83 S.W.3d at 793.  When
the plaintiff meets this burden, the burden shifts to the nonresident defendant
to negate all possible grounds for personal jurisdiction.  BMC Software,
83 S.W.3d at 793; Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 203
(Tex. 1985).  The existence of personal jurisdiction is a question of law that
must sometimes be preceded by the resolution of underlying factual disputes. Preussag
Aktiengesellschaft v. Coleman, 16 S.W.3d 110, 113 (Tex. App.—Houston [1st
Dist.] 2000, pet. dism’d w.o.j.).  In considering an order granting or denying
a special appearance, we may review a trial court’s
findings on disputed factual issues for both legal and factual sufficiency.  BMC
Software, 83 S.W.3d at 794.  However, when the underlying facts are
undisputed or otherwise established, we conduct a de novo review of the trial
court’s order as a question of law.  Id.; El Puerto De Liverpool,
S.A. de C.V. v. Servi Mundo Llantero S.A. de C.V., 82 S.W.3d 622, 628 (Tex.
App.—Corpus Christi 2002, pet. dism’d w.o.j.); Goodenbour v. Goodenbour,
64 S.W.3d 69, 75 (Tex. App.—Austin 2001, pet. denied); Preussag
Aktiengesellschaft, 16 S.W.3d at 113.  In any event, in conducting its
review, an appellate court considers all of the evidence in the record.  El
Puerto, 82 S.W.3d at 628.  Here, we have the clerk’s record, the reporter’s
record of the hearing, and extensive findings of fact provided by the trial
court.  We review the trial court’s decision de novo as a question of law.

            A
Texas court may assert personal jurisdiction over a nonresident defendant only
if the requirements of both the Due Process Clause of the Fourteenth Amendment
to the United States Constitution and the Texas long-arm statute are
satisfied.  CSR Ltd., 925 S.W.2d at 594. 
The Texas long-arm statute gives Texas courts the power to exercise personal
jurisdiction over a nonresident defendant who does business in Texas.  Section 17.042. 
The statute provides a list of activities that constitute doing business in
Texas; however, the list is not exhaustive.  The broad language of the statute
reaches “as far as the federal constitutional requirements of due process will
allow.”  Guardian Royal Exch. Assurance, Ltd. v. English China Clays,
P.L.C., 815 S.W.2d 223, 226 (Tex. 1991).

            Personal jurisdiction over nonresident
defendants is constitutional when two conditions are met: (1) the defendant has
established minimum contacts with the forum state and (2) the exercise of
jurisdiction comports with traditional notions of fair play and substantial
justice.  BMC Software, 83 S.W.3d at 795 (citing Int’l Shoe
Co. v. Washington, 326 U.S. 310, 316  (1945)).

         The minimum-contacts
analysis requires that a defendant “purposefully avail” itself of the privilege
of conducting activities within Texas, thus invoking the benefits and
protections of our laws.  Id. (citing Burger King Corp. v.
Rudzewicz, 471 U.S. 462, 475 (1985)).  The “touchstone”
of due process analysis is “purposeful availment.”  Michiana Easy
Livin’ Country, Inc. v. Holten, 168 S.W.3d 777, 784 (Tex. 2005).  There are three parts to a “purposeful availment”
inquiry: (1) only the defendant’s contacts with the forum are relevant;
(2) the contacts relied upon must be purposeful rather than random, fortuitous,
or attenuated; and (3) the defendant must have sought some benefit, advantage,
or profit by availing itself of jurisdiction.  Moki Mac River
Expeditions v. Drugg, 221 S.W.3d 569, 575 (Tex. 2007).

         The defendant’s
activities, whether they consist of direct acts within Texas or conduct outside
Texas, must justify a conclusion that the defendant could reasonably anticipate
being haled into a Texas court.  Am. Type Culture Collection, Inc. v.
Coleman, 83 S.W.3d 801, 806 (Tex. 2002) (citing World-Wide Volkswagen
Corp. v. Woodson, 444 U.S. 286, 297 (1980)). 
Jurisdiction is premised on notions of implied consent that, by invoking the
benefits and protections of a forum’s laws, a nonresident consents to suit there. 
Michiana, 168 S.W.3d at 785.  The
quality and nature of the defendant’s contacts with the forum state, rather
than their number, are important in analyzing minimum contacts.  Guardian
Royal, 815 S.W.2d at 230 n.11.

         A defendant’s contacts
with a forum state can give rise to either general or specific jurisdiction.  BMC
Software, 83 S.W.3d at 795–96; Guardian Royal, 815 S.W.2d at 227–28.  General jurisdiction is present when a defendant’s
contacts are continuous and systematic, permitting the forum to exercise
personal jurisdiction over the defendant even if the cause of action did not
arise from or relate to the activities conducted within the forum.  CSR
Ltd., 925 S.W.2d at 595.  General jurisdiction
requires a showing that the defendant conducted substantial activities within
the forum, a more demanding minimum-contacts analysis than for specific
jurisdiction.  Id.

            Specific
jurisdiction is present when the cause of action arises from or is related to
the defendant’s contacts with the forum state.  Id.; Guardian
Royal, 815 S.W.2d at 227.  When specific
jurisdiction is asserted, the minimum-contacts analysis focuses on the
relationship among the defendant, the forum, and the litigation.  Guardian
Royal, 815 S.W.2d at 228.  Specific jurisdiction
is established if the defendant’s alleged liability arises out of or is related
to an activity conducted within the forum state.  Moki Mac, 221
S.W.3d at 575–76.

            As mentioned, the touchstone of the due process
analysis is “purposeful availment.”  Minimum contacts would be sufficient to
establish personal jurisdiction in this case only if appellees purposefully
availed themselves of the privilege and benefit of conducting activities within
Texas.  Only their contacts are relevant; their contacts must have been
purposeful, rather than random, fortuitous, or attenuated; and their contacts
must demonstrate that they sought some benefit, advantage, or profit in
availing themselves of the jurisdiction of Texas.  See id.
at 575; Michiana, 168 S.W.3d at 784–85.

             In Issue
One, appellant argues that, by filing motions for sanctions against her, the
appellees made general appearances prior to filing their special appearances
and, thus, subjected themselves to personal jurisdiction in this matter by
consent.  Under Rule 120a, a special appearance, properly entered, enables a
nonresident defendant to challenge personal jurisdiction in a Texas court.  Tex. R. Civ. P. 120a.  Strict
compliance with Rule 120a is required, and a nonresident defendant will be
subject to personal jurisdiction in Texas courts if the defendant enters a
general appearance.  Morris v. Morris, 894 S.W.2d 859, 862 (Tex. App.—Fort
Worth 1995, no writ); see also Burger King Corp., 471 U.S. at 472 n.14 (“[T]he
personal jurisdiction requirement is a waivable right.”).  However, we do not
reach analysis of this issue because our review of the record contradicts appellant’s
assertion.  Appellant has misstated the record.  The appellees were not among
the parties who filed the motions for affirmative relief cited by appellant;
the Business Defendants were the only ones who filed the motion.

            In Issue
Two, appellant asserts that the default judgment against appellees
admitted all facts pleaded within her third amended petition, including
allegations of alter ego jurisdiction. Special appearances may properly be
granted even after a default judgment is granted.  See Xenos Yuen v. Fisher,
227 S.W.3d 193, 196 (Tex. App.—Houston [1st Dist.] 2007, no pet.); Lang v.
Capital Res. Invs. I & II, LLC, 102 S.W.3d 861 (Tex. App.—Dallas 2003,
no pet.). Appellant attempted to serve appellees by nonresident citation under Tex. R. Civ. P. 108. Allegations in
petitions served under this rule must be sufficient to meet due process
requirements.  Paramount Pipe & Supply Co. v. Muhr, 749 S.W.2d 491,
496 (Tex. 1988); Herbert v. Greater Gulf Coast Enters., Inc.,
915 S.W.2d 866, 870 (Tex. App.—Houston [1st Dist.] 1995, no writ).  Service of
process under Rule 108 does not, in and of itself, confer in personam
jurisdiction.  Paramount Pipe, 749 S.W.2d at 495; Herbert, 915
S.W.2d at 870. 

            Appellant
did not meet her initial burden of pleading sufficient allegations to bring
appellees within the provisions of the Texas long-arm statute for either
specific or general personal jurisdiction.  Appellant’s third amended petition
was devoid of any jurisdictional facts establishing minimum contacts between appellees
and the State of Texas, either continuous and systematic or that specifically gave
rise to the litigation.  We agree with the trial court’s conclusion that the
petition was vague and conclusory regarding jurisdiction.  Appellees
specifically complained about this in their motions, their briefs, and at
length at the hearing.  At the hearing, appellant’s counsel seemed to
acknowledge that the pleadings did not contain jurisdictional facts: he told
the trial court that, as far as the pleadings went, he could not plead specific
facts without the extensive written discovery that he was requesting.

            In
her third issue, appellant argues that appellees cannot assert a “no alter ego
defense” because “there were no corporate defendants in this case,” only LLCs,
and because there must be at least one corporate defendant before a “no alter
ego defense” can be established.  Appellant does not cite any support for this
assertion.  Actually, Texas courts have applied to LLCs the same state-law
principles for piercing the corporate veil that they have applied to
corporations. McCarthy v. Wani Venture, A.S., 251 S.W.3d 573, 590–91
(Tex. App.—Houston [1st Dist.] 2007, pet. denied).  Alter ego theory is just
one of the ways of piercing the corporate veil.  Castleberry v. Branscum,
721 S.W.2d 270, 272 (Tex. 1986).  Alter ego jurisdiction is a form of
“jurisdictional veil-piercing.”  See PHC-Minden, L.P. v.
Kimberly-Clark Corp., 235 S.W.3d 163, 172–75 (Tex. 2007).

            We
interpret appellant’s third issue to be an argument that alter ego jurisdiction
was established by the facts admitted by the default judgment.  However, appellant’s
petition did not establish any basis for extending personal jurisdiction under
an alter ego theory.  After reviewing the petition and the arguments that
appellant’s counsel made at the hearing on the special appearance, we interpret
appellant’s argument to be that, through a chain of other entities, we can
establish personal jurisdiction over Canyon Sudar Partners, LLC, a Delaware
limited liability company.  And that, by reaching Canyon Sudar, we can extend
personal jurisdiction to the appellees as individuals because Grunstein and
Forman are managing members of Canyon Sudar.

            As
we have said, Texas courts have applied to LLCs the same state-law principles
for piercing the corporate veil that they have applied to corporations.  McCarthy,
251 S.W.3d at 590–91.  Therefore, we will apply the following principles of law
to the Business Defendants in this case.  

            Because
two corporations are presumptively distinct and separate, the Texas Supreme Court
has held that, to disregard that “corporate fiction” and thus “fuse” the
entities for purposes of jurisdiction, plaintiffs must demonstrate a degree of
control by the parent company that exceeds the control “normally associated
with common ownership and directorship,” by means of evidence showing that “the
two entities cease[d] to be separate.”  BMC Software, 83 S.W.3d at 798–99;
see also PHC-Minden, 235 S.W.3d at 175 (quoting BMC Software “factors”
controlling assertions of imputed contacts, 83 S.W.3d at 799).  Appellant did
not meet that burden.   Appellant did not plead or present any basis for
imputing the actions of one of the Business Defendants to another.  Appellant
also did not plead or present any basis for piercing the veil between appellees
as individuals and the entity of which they were allegedly managing members,
Canyon Sudar Partners, LLC.  Jurisdiction over an individual generally cannot
be based on jurisdiction over a corporation with which he is associated unless
the corporation is the alter ego of the individual. Nichols v. Tseng Hsiang
Lin, 282 S.W.3d 743, 750 (Tex. App.—Dallas 2009, no pet.); Wolf v.
Summers-Wood, L.P., 214 S.W.3d 783, 790 (Tex. App.—Dallas 2007, no pet.).  The
party that seeks to pierce the corporate veil has the burden to show that the
corporate entity should be disregarded.  BMC Software, 83 S.W.3d at 798.

            Appellant
pleaded only that appellees were managing members of Canyon Sudar Partners, LLC
and that Canyon Sudar is the sole member of Svcare Holdings, LLC, which is the
sole member of SavaSeniorCare, LLC, which owns 100% of SSC Equity Holdings, LLC,
which is the sole member of SSC Submaster Holdings, LLC, which owns 100% of the
equity of SSC Greenview Operating Company GP, LLC, which operates the Waco
nursing home where appellant worked and was allegedly injured on the job.  The
allegation of ownership, standing alone, is insufficient to establish an alter
ego relationship.  PHC-Minden, 235 S.W.3d at 175 (A “subsidiary
corporation will not be regarded as the alter ego of its parent merely because
of stock ownership, a duplication of some or all of the directors or officers,
or an exercise of the control that stock ownership gives to stockholders.”)
(quoting Gentry v. Credit Plan Corp. of Houston, 528 S.W.2d 571, 573
(Tex. 1975)); Mancorp, Inc. v. Culpepper, 802 S.W.2d 226, 228 (Tex. 1990)
(weighing the total dealings of the corporation and the individual)
(citing Castleberry, 721 S.W.2d at 272); see also Villagomez
v. Rockwood Specialties, Inc., 210 S.W.3d 720, 733 (Tex. App.—Corpus
Christi 2006, pet. denied) (“[I]f a corporation’s only contact with the forum
is its ownership of a distinct and separate corporation doing business
independently in the forum, no minimum contacts exist unless the forum contacts
of the subsidiary can be attributed to the parent.”).

            Appellant
presented no jurisdictional facts to the district court that establish minimum
contacts with Texas.  BMC Software, 83 S.W.3d at 795.  However, even
when there are no jurisdictional allegations in a plaintiff’s petition, a
defendant must negate all bases of jurisdiction.  Magic House AB v. Shelton
Beverage L.P., 99 S.W.3d 903, 909 (Tex. App.—Dallas 2003, no pet.) (citing Temperature
Sys., Inc. v. Bill Pepper, Inc., 854 S.W.2d 669, 673 (Tex. App.—Dallas
1993, writ dism’d by agr.)).  In such a case, proof that a defendant is a
nonresident is sufficient to meet this burden.  Id.  Here, appellees
filed affidavits in which they assert that they are nonresidents and in that
they also negate all the traditional contacts that could together form the
basis for minimum contacts with the state necessary to establish personal
jurisdiction.  Appellees swore that they do not do business in Texas as
individuals, own no property in Texas, have no offices in Texas, have no
employees in Texas, have never been to Greenview Manor Nursing Home, and do not
(and did not in April 2005) have an ownership stake in either the Business
Defendants or Greenview Manor. 

            Appellees
also established that Canyon Sudar is a Delaware limited liability company that
has no offices in Texas and that Canyon Sudar did not own or operate Greenview
Manor in April 2005 when appellant claims she was injured.  Appellees also negate
the possibility of alter ego by swearing that the Business Defendants have
operated as separate entities from Grunstein and Forman; that Grunstein and
Forman do not dominate or control the Business Defendants’ day-to-day
operations or internal affairs (and did not do so in April 2005); that
Grunstein and Forman do not direct how the Business Defendants or Greenview
Manor take care of nursing home residents or how they make nurse staffing,
hiring, or equipment decisions; and that Grunstein and Forman are not the
jurisdictional alter ego of either Greenview Manor or the  Business Defendants. 
Appellant did not contest any of the facts in the affidavits.  Appellees
effectively negated all bases of jurisdiction.

            In
Issue Four, appellant argues that appellees had voluntary contacts with the
Texas Secretary of State and the Texas Department of Aging and Disability
Services and that these contacts support a finding of both specific and general
personal jurisdiction of the Texas courts.  These contacts were not pleaded by
appellant in her third amended petition, but were argued before the trial court
during the hearing on the special appearances. 

            Appellant
alleged that appellees filed an application for registration of SSC Waco
Greenview Operating Company LP with the Texas Secretary of State.  However, in
her reply brief, appellant cedes this issue and asks us to disregard it.  Appellant
acknowledges that the signature on the application for registration is that of
one “Harry Grunstein,” not appellee Leonard Grunstein, and that there is
nothing in the record before the court establishing a connection between Harry
Grunstein and either of the appellees in this action.  Therefore, we do not
address this alleged contact.

            Appellant
alleged that appellees filed a document entitled “Controlling Party Structure”
with the Texas Department of Aging and Disability Services showing that
they were the sole owners of SSC Waco Greenview Operating Company LP.  However,
we see nothing in the record to support this allegation.  As appellant’s
counsel represented to the trial court at the hearing, the document is a matter
of public record and was printed from the Texas Department of Aging &
Disability Services website.  However, it does not indicate that it was filed
by appellees, as appellant alleges.  There is nothing in the record to support appellant’s
contention that it was personally filed by appellees.  Additionally, the
document does not indicate that appellees, as individuals, were the sole owners
of SSC Waco Greenview Operating Company LP.  To the contrary, the document contains
the name of a nonparty LLC as the 100% owner of SSC Waco Greenview Operating
Company LP.  In their affidavits, appellees aver that they have no ownership
interest in SSC Waco Greenview Operating Company LP.  Their assertion is not
negated by anything in the “Controlling Party Structure” document, nor is it
otherwise controverted.

            The trial
court properly granted appellees’ special appearances, and appellant’s
arguments in Issues One, Two, Three, and Four are overruled. 

Denial
of Adequate Discovery Time

            In Issue
Six, appellant argues that the trial court denied her adequate discovery time. Generally,
the scope of discovery is within the trial court’s discretion.  In re
Colonial Pipeline Co., 968 S.W.2d 938, 941 (Tex. 1998) (orig. proceeding); In
re BP Prods. N. Am. Inc., 263 S.W.3d 106, 111 (Tex. App.—Houston [1st
Dist.] 2006, orig. proceeding).  An appellate court reviews the issue of “adequate
time for discovery” under an abuse of discretion standard. Specialty
Retailers, Inc. v. Fuqua, 29 S.W.3d 140, 145 (Tex. App.—Houston [14th
Dist.] 2000, pet. denied).  A trial court abuses its discretion if it acts
without reference to any guiding rules or principles.  VingCard A.S. v.
Merrimac Hospitality Sys., Inc., 59 S.W.3d 847, 855 (Tex. App.—Fort Worth
2001, pet. denied) (citing Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241–42 (Tex. 1985)).  In reviewing the trial court’s decision, we
must determine whether the trial court’s action was arbitrary or unreasonable.  Id.

            The
trial court granted appellant’s initial motion for continuance of the hearing
on appellees’ special appearances and allowed appellant time to conduct
discovery limited to jurisdictional facts.  Rather than making discovery
demands upon appellees, appellant chose to depose the administrator of
Greenview Manor, Rod Bicford.  Appellant served Bicford with a subpoena duces
tecum to furnish eight categories of documents.  Bicford produced the docu-ments
and was deposed.  However, appellant chose to recess the deposition. 

            After
appellant unilaterally recessed Bicford’s deposition, appellees reset their special
appearance hearing.  Appellant did not file a motion to continue that hearing.  She
also did not explain, by affidavit or otherwise, what specific jurisdictional
discovery she needed, or why she deposed Bicford rather than appellees.  Appellant
did not provide the court with an affidavit stating the reasons why she could
not present the facts that were essential to justify her opposition to the
special appearances.  See IRN Realty Corp. v. Hernandez, 300 S.W.3d 900,
903 (Tex. App.—Eastland 2009, no pet.) (Rule
120a specifically provides that affidavits of the party opposing the special
appearance are the means to obtain a continuance of the special appearance so
that a deposition may be conducted).  At the hearing, appellant did not ask to
depose appellees regarding jurisdictional facts.  Instead, appellant asked for
leave to conduct written discovery to investigate the ownership structure of
over sixty nonparty limited partnership entities.  Counsel did not show how
such discovery related to the establishment of minimum contacts between
appellees and the State of Texas.  As her reason for failing to plead
jurisdictional facts in her petition, appellant’s counsel told the trial court,
“I can’t plead specific facts until I have the facts.  I can only get the facts
through discovery.”  However, appellant was required to provide the court with
a colorable basis or reason to believe that discovery would reveal sufficient
minimum contacts.  Barron v. Vanier, 190 S.W.3d 841, 849–50 (Tex. App.—Fort
Worth 2006, no pet.) (Courts should allow additional time for discovery when
“the movant makes a good-faith showing, provides a colorable basis for, or
makes a prima facie case of personal jurisdiction, or provides a reason to
believe that discovery would reveal sufficient minimum contacts.”); see also
Solgas Energy Ltd. v. Global Steel Holdings Ltd., No. 04-06-00731-CV, 2007
WL 1892206 at *6–7 (Tex. App.—San Antonio July 3, 2007, no pet.) (mem. op.) (trial
court did not abuse its discretion in determining that plaintiff’s alter ego
allegation did not entitle it to pursue additional discovery in an effort to
establish an alter ego connection).  Appellant did not meet that burden.  The
trial court did not abuse its discretion when it denied further jurisdictional
discovery by appellant.  Appellant’s sixth issue on appeal is overruled.

            Appellees
alleged in their brief that appellant’s counsel had failed to serve them with adequate
notice in several respects.  Because of this, they contend that they are not
subject to the default judgment and that it was effectively an ex parte judgment.
 Because there were effectively no minimum contacts established by appellant,
we did not need to reach the issue of defective service of process, the
applicability of the default judgment to appellees, or the pending motion for
sanctions against appellant in the trial court.  We did not consider this
information in reaching our decision.  The trial court not only granted
appellees’ special appearances, but also granted the Business Defendants’ motion
for summary judgment on appellant’s underlying negligence claims, identical to
the claims asserted against appellees.  The Business Defendants are pursuing motions
for sanctions against appellant in a separate cause.  For these reasons, we did
not find it necessary or appropriate to address those issues. 

            The
judgment of the trial court is affirmed.

 

                                                                                                PER
CURIAM

 

May 10, 2012

Panel consists of: Wright, C.J.,

McCall, J., and Kalenak, J.









                [1]The findings made by the trial court were identical for
both Grunstein and Forman, so appellant did not address them separately. Since
the affidavits of appellees are also identical except for the names of each
party, we will also address them together.